**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **SHATORIA K PITTS BEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:23-cv-411 (MTT)** |
| | ) | |
| **CARS R US OMG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

Pro se Plaintiff Shatoria K Pitts "Bey" filed this action and contemporaneously moves for leave to proceed *in forma pauperis* ("IFP"). [1]  Docs. 1; 2.  According to Pitts, this is a civil action against Defendant CARS R US OMG "seeking declaratory relief and redress for violations of commercial rights under the Uniform Commercial Code (UCC), unjust enrichment, tortious interference with contractual relations, and infringements upon constitutional rights protected by the Fourth and Fifth Amendments to the United State Constitution."  Doc. 1 ¶ 1.  Because the Court does not have sufficient information to determine whether Pitts is entitled to proceed *in forma pauperis*, Pitts's motion (Doc. 2) is **DENIED** without prejudice.  Should Pitts wish to refile, she **SHALL** do so within **FOURTEEN (14) days** from the entry of this Order—and address the deficiencies noted below.  Pitts **SHALL ALSO** file an amended complaint complying with this Order along with the IFP motion.

---

[1] Pitts filed her last action with this Court only as "Shatoria Pitts."  *See Pitts v. Macon Water Authority*, No. 5:23-cv-302-MTT (M.D. Ga.), at Docs. 1; 3.

## I. DISCUSSION

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  Where a Plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous."  *Id*.

### A. Financial Status

First, the Court does not have sufficient information to determine whether Pitts is entitled to proceed *in forma pauperis*.  According to Pitts's financial affidavit, she is employed with an expected monthly income of $1,000 and gross monthly pay of $800.  Doc. 2 at 1-2.  Pitts avers her monthly expenses for rent, utilities, food, medical, and transportation amount to $3,420.  *Id*. at 4-5.  Assuming Pitts's child and godchild are part of her household, Pitts's annual income of $12,000 falls below the federal poverty guideline for a household of three, which is $24,860.[2]

However, Pitts filed a prior action on August 30, 2023, in which she also moved to proceed IFP, which the Court granted.  *See Pitts v. Macon Water Authority*, No. 5:23-cv-302-MTT (M.D. Ga.), at Doc. 4.  According to Pitts's financial affidavit in that case, both Pitts's expected monthly income and monthly gross pay was $1,800.  *Id*. at 1-2.  Pitts further declared that her monthly expenses were $2,500.  *Id*. at 4-5.  Why Pitts's monthly expenses have now increased by roughly $1,000 in less than two months is unclear—but the Court cautions her about making false statements to the Court and

---

[2] The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

reminds Pitts that she has filed her statements under penalty of perjury.  And although Pitts's financial affidavit in the first case indicated that her average monthly income was $2,700, the Court assumed it was an error based on misunderstanding of the preceding durational language and Pitts's subsequent entries contained in the affidavit.  The financial affidavit in this case, however, is likewise unclear and indicates that Pitts's average monthly income is $5,000 despite other conflicting entries claiming it is much less.  *See* Doc. 2.

Accordingly, Pitts's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED.** Should Pitts wish to refile, she **SHALL** do so within **FOURTEEN (14) days** from the entry of this Order.  Pitts is further **ORDERED** to provide clarification regarding the discrepancies above which the Court will review and determine if it is appropriate to allow Pitts to proceed IFP going forward in this case.

**B. Frivolity Review**

Second, Pitts's complaint is deficient.  For example, Pitts cites the Free Exercise Clause of the First Amendment, in addition to the causes of action listed above.[3]  Doc. 1 ¶ 10.  But Pitts fails to plead any constitutional claim.  Defendant CARS R US OMG is merely a car dealership in Macon, Georgia, who apparently repossessed Pitts's vehicle for nonpayment.  *Id*. ¶ 5-9.  Pitts alleges only that her car was "stolen" and that she "gifted the car to her trust and gave Defendant a copy of the conveyance[,] the ucc1 and the trust schedule fee[,] and told them everything was on public record and not to come to the [Pitts's] Private property."  *Id*. ¶ 7.  Although not alleged by Pitts, Defendant

---

[3] Specifically, Pitts claims this is a civil action against Defendant CARS R US OMG "seeking declaratory relief and redress for violations of commercial rights under the Uniform Commercial Code (UCC), unjust enrichment, tortious interference with contractual relations, and infringements upon constitutional rights protected by the Fourth and Fifth Amendments to the United State Constitution."  Doc. 1 ¶ 1.

CARS R US OMG apparently did so anyway, purportedly, in violations of Pitts's

"commercial rights and constitutional protections."  *Id.* ¶ 12.  These allegations are

conclusory at best, and incomprehensible at worst.  It is unclear what specific conduct

Pitts contends was unlawful, why that conduct was unlawful, and how Pitts was injured

as a result of that allegedly unlawful conduct.

To the extent Pitts wishes to refile her motion to proceed *in forma pauperis* as

directed by the Court, Pitts must also recast her complaint.

The recast complaint must contain a caption that clearly identifies by name each

individual that Pitts has a claim against and wishes to include as a defendant in this

lawsuit.  Pitts must name only the individuals associated with the claim or related claims

that she is pursuing in this action.  Pitts must then tell the Court exactly how each

individual violated her constitutional rights, including (1) what each defendant did (or

failed to do) in violation of her rights; (2) when and where each action occurred; and (3)

how Pitts was injured as a result of each defendant's actions.  Pitts should state her

claims as simply as possible and should not attempt to use formal language or legalese.

Pitts must, however, complete the entire complaint form.  She may not leave any portion

or paragraph without a response.

Pitts's recast complaint **shall take the place of and supersede all allegations**

**made in the original complaint.**  The Court will therefore consider only the factual

allegations and claims contained in Pitts's recast complaint.  The Court will not consider

those facts contained in Pitts's original complaint (Doc. 1).  Any fact Pitts deems

necessary to prosecute her lawsuit should be clearly stated in her recast complaint,

even if Pitts has previously alleged it in another filing.  If Pitts fails to link a named

defendant to a specific claim, the claim will be dismissed; if Pitts makes no allegations in the body of her complaint against a named defendant, that defendant will be dismissed.

### III. CONCLUSION

Pitts shall have **FOURTEEN DAYS** from the entry of this Order to refile her motion to proceed IFP along with her recast complaint.  While this action is pending, Pitts **SHALL ALSO** immediately inform the Court in writing of any change in her mailing address.  Pitts's failure to fully and timely comply with this order may result in the dismissal of her complaint.  *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)).


**SO ORDERED**, this 24th day of October, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT